[PHILADELPHIA, MAY 8TH, 1839.]

## PRENTISS *against* HANNAY.

#### IN ERROR.

In 1825, A. pawned goods to B. to secure a loan of money. In 1826, B. sued A. before a magistrate to recover the amount advanced, and obtained a judgment, from which A. appealed, and in the Court of Common Pleas a rule was obtained to show cause why the plaintiff should not have leave to discontinue. A short time after this in the same year, A. brought trover against B. before another magistrate: judgment was given for the plaintiff, from which the defendant appealed, and in the Common Pleas a non pros. was entered. On the 26th of September, 1833, A. made a demand of the goods, and on the same day commenced an action of trover against B. in the District Court. *Held*, 1. That neither the suit by B. against A., nor that by A. against B., in 1826, was evidence of a conversion six years before the action. 2. That it might be left to the jury to presume that the demand and refusal preceded the action in point of time.

ERROR to the District Court for the City and County of Philadelphia.

This was an action of trover brought by Andrew Hannay against John Prentiss, to recover certain articles of personal property, alleged to have been converted by the defendant, who was a pawnbroker. The writ issued on the 26th of September, 1833. The defendant pleaded not guilty, and not guilty *infra sex annos.*

On the trial before JONES, J., the plaintiff gave in evidence a bill of sale to him, by one Ninian Lockhart, for the goods in question, dated the 12th of September, 1833, stated to be for a valuable consideration.

Ninian Lockhart having been released by the plaintiff, testified in substance that in the months of June and July 1825, he took the goods named in the declaration, (a list of which he read from a written paper,) to the defendant, who lent him money on them; that the agreement was that the defendant was to lend him the money, without charging him any interest at all, and was to keep the goods as long as he (Lockhart) pleased. He signed no receipt for any of these articles, nor did he receive from the defendant any ticket or tickets for any of them; he admitted that he had before pledged

different articles with the defendant, for which he signed receipts and received tickets. He further said that in April, 1826, he was sued by the defendant for the amount lent him, (which was sixty-two dollars fifty cents,) before Justice Loughead ; that he confessed judgment, for he owed the money ; that he brought John Bell as his bail, which the magistrate refused, and Judge King made him take him as bail ; that from that time, he never called on the defendant about the goods, nor ever before this present suit brought any action of trover against him; that he was convicted and imprisoned on the 27th of September, 1827, and was pardoned and discharged on the 27th of June, 1828. That on the 12th of September, 1833, having no witness to prove his case against the defendant, he sold out his claim amounting to two hundred and seventy-four dollars, to the plaintiff, for ten dollars ; that the plaintiff is a sawyer in a ship yard in Kensington; that he did not pay the ten dollars at the time of the execution of the bill of sale, but a few days afterwards; that he went with the plaintiff on the 26th September, 1833, to the defendant's store and demanded the goods; that the plaintiff tendered him ninety-three dollars six and a quarter cents, which he had in specie in two handkerchiefs with him. Hannay read over the list of the goods; the defendant denied the property, and said that he had no business with Lockart, that Lockart owed him no money; that they then bid defendant good evening and went away.

The defendant then gave in evidence the record of the Court of Common Pleas, shewing an action of trover brought before Justice Freytag, on the 12th of May, 1826, by the witness Lockart, against the defendant Prentiss, a reference and award in favour of Lockart for one hundred dollars, from which the defendant appealed, and in which suit Lockart, in the month of June, 1835, was non-prossed. The defendant also gave in evidence thirty-nine receipts, given by Lockart to him, in 1823, 4, 5, and down to the 17th of April, 1826, showing all the transactions to have been in writing, according to the usual dealings of pawn-brokers; he also proved by John Prentiss, Jr. that the transactions of the defendant with Lockart were in the usual way of pawn-brokers' business, giving receipts for the sum lent, and receiving a ticket stating the terms of redemption ; he further testified that it was the defendant's general practice to sell all goods within six months or so after their forfeiture, and that to his certain knowledge all Lockart's goods were sold during the year 1826. There was no evidence whatsoever on the part of the plaintiff of any conversion by Prentiss, except the demand and refusal on the 26th of September, 1833, as sworn to by Lockart; and on that day the suit was brought, but whether before the demand, or after the demand, did not appear ; and as was contended by the defendant, it was the duty of the plaintiff clearly to make this to appear, and that as to this point there was no testimony from which the jury

could have inferred the fact of the demand being made previously to bringing the suit.

The learned judge, after stating the facts, said,

"The defendant has pleaded the statute of limitations, the object of which is to bar any claim which might have arisen for these goods more than six years before the 26th of September, 1833. No question will arise upon this plea, unless you find that Lockart delivered the goods to the defendant as has been stated. If you are satisfied· by the evidence that Lockart did in fact deliver the goods to Prentiss in the manner he says he did, then it will be necessary for you to determine whether the defendant converted them to his own use, and whether the conversion took place more than six years before this suit was commenced. Upon this point·you must bear in mind that the six years are to be computed from the conversion, that is, from the time· when the defendant used them or consumed them, or sold them, or otherwise converted them to use as though they were his own. I will add upon this subject, (because I have been requested to charge upon it,) that the act of limitations would begin to run from the time of conversion, even although Lockart did not know of the fact of the conversion, and although the original contract between the parties were unlawful. The plaintiff has given evidence of a· demand of these goods, and the refusal of the defendant to deliver them on the 26th September, 1833, and this the plaintiff says is the only evidence of a conversion; on that day also, he tendered ninety-three dollars six and a quarter cents, which the plaintiff says is all that was due to Mr. Prentiss. The defendant contends that the plaintiff did not tender so much as he was entitled to, and therefore the refusal is no evidence of a conversion. The debt and interest he says, amounted to ninety-three dollars forty-six cents, to which he·contends he had a right to add the costs before the J. P. and· the costs in Court upon appeal, viz., nine dollars fifty-nine cents, making in all one hundred and five dollars twenty-two cents. The plaintiff denies the defendant's right to costs in court, because Mr. Prentiss offered to discontinue, and in fact (as he alleges,) did discontinue, which he could only do upon the payment of costs. But if the appeal is still pending, he contends that the defendant has no right to costs. The plaintiff further objects that Mr. Prentiss ought not to make this objection now, because he did not do so at the time of the tender. So far from it, he told the plaintiff that Lockart owed him nothing. The parties also disagree about the time from which the interest on the loan is to be computed. There can be no doubt that interest ought to be computed from the time when Mr. Prentiss demanded repayment of the money, and at the latest he did this when he brought suit against Lockart for it, and if you believe that Prentiss agreed to loan the money on these goods without interest, as Lockart testifies he did, Mr. Pren-

tiss could not require interest before he made the demand. You will therefore compute the interest either from the loan or from the time of the suit brought against Lockart, as you find the agreement to be. Allow to the defendant also, his costs before Justice Lough-head. Also to Mr. Prentiss his legal costs on the appeal. The principal sum, the interest and those costs, would make the amount which Mr. Prentiss had the right to require. But you will have no occasion to make these calculations, if you should find that Mr. Prentiss did not refuse to deliver the goods on the ground of the insufficiency of the sum tendered, but because he had no business with Lockart, and because Lockart owed him nothing, and because he had none of Lockart's property. The important fact is, whether the defendant converted the goods mentioned to his use. Certainly Mr. Prentiss had a right to retain them as a pledge, but if they were deposited with him under such a contract as the plaintiff alleges, he had no right to sell them without process of law. If he did not keep them as a pledge according to his contract, but sold them or used them, he committed a wrong. Now if you believe Lockart, the defendant denied the property, said that he had no business with Lockart, that Lockart owed him nothing, and refused to receive the money for that reason. If he had the goods in his hands at that time, this conduct would be evidence of an exercise of ownership or conversion, and if (as it has been suggested,) Mr. Prentiss said he (Lockart) owed him nothing because he had paid himself by a sale of the goods, it would certainly be evidence of a conversion. If, therefore, you find the last fact to be as the plaintiff alleges, you may save yourself the trouble of computing the amount due by Lockart to the defendant, and the costs, but if you find this fact against the plaintiff, then you will compute the amount fully due the defendant by Lockart, adding the costs as I have stated. Another ground taken by the defendant is, that the conversion took place (if at all) before the 26th September, 1827. You will observe that the only evidence the plaintiff has given of a conversion, is the demand already referred to, on the 26th September, 1833. The defendant is bound to satisfy you from the evidence that the conversion took place before the 26th September 1827, if he expects you to find that fact for him. You will allow me to suggest that you ought not to take conjectures in lieu of evidence; and if there be no evidence of a conversion before that alleged by the plaintiff you ought to take it as a fact in the cause that the goods were not converted before. But the defendant contends that he has proven a conversion more than six years before suit brought. (Here the judge adverted to the testimony of John Prentiss, Jr., to the fact that the defendant sued Lockart for the money lent, &c. and proceeded.) The defendant contends that the fact of his having sued Lockart for the money advanced, obtained judgment and issued execution, and had it levied, is evidence of conversion. A mere levy on these

(Prentiss *v.* Hannay.)

goods would not be a conversion, if the execution, before being executed, was suspended by an appeal to the Common Pleas. It is in evidence that an appeal was taken and is yet pending; and there is nothing on the transcript of the docket of the justice to show that the constable levied on these groods, or if he did that he sold them. The defendant also contends that the fact that Lockàrt brought an action of trover for these goods before Justice Freytag, is evidence of a conversion previously to that time. By suing for a conversion Lockart in effect alleged that there had been a conversion, but Mr. Prentiss took defence and appealed from the judgment of the magistrate and obtained a judgment of non pros. against Lockart in the Common Pleas. The plaintiff might, with equal force, it seems to me, contend that Prentiss by taking defence and appealing, denied the conversion at that time, and for aught that appears, Lockart may have abandoned the case on account of a mistake upon this point. I mention these considerations for the purpose of saying that you ought not to lay too great stress upon this part of the evidence. The fact that Lockart brought that suit is not conclusive evidence of a conversion by the defendant before that time, but it is a fact which you may take into your consideration with the other testimony. Lockhart, however, swears, that the money had not been paid, and before Mr. Hannay brought this action, he took the precaution to make a tender. It is true that if Mr. Prentiss had wrongfully sold or used the property pledged before, a tender would not be necessary. But the question is, whether Mr. Prentiss had done so or not, and this is not conclusively proven by the record of the suit by Lockart against Prentiss, before Justice Freytag, taken in the Common Pleas, by appeal, and ended by a judgment of *non pros.* Again, the defendant contends, that the award of the referees against Mr. Prentiss in the action of trover is a bar. It would have been a bar, if Mr. Prentiss had acquiesced in the judgment of the justice of the peace on the award, but he appealed and *non prossed* Lockart. It is therefore not a bar."

The defendant by his counsel requested the Court to charge the jury further, that as there was no evidence given by the plaintiff of any conversion at all except the demand and refusal on the 26th September, 1833, on which day the suit was brought, the plaintiff could not recover, because it did not appear that the demand and refusal had been made before the issuing of the writ by which this action was commenced. But the Court charged the jury that they must be satisfied upon that point, before finding their verdict for the plaintiff, and that it was left to them to decide whether the demand and refusal did not precede the commencement of this suit.

The defendant excepted to the charge; and the jury having found for the plaintiff, a writ of error was taken out, and the following errors assigned.

(Prentiss v. Hannay.)

" 1. The Court below erred in charging the jury that the suit by Prentiss against Lockart before Justice Loughhead on the 17th April, 1826, and the subsequent proceedings thereon were not evidence of a conversion six years before this suit brought against Prentiss.

2. The Court also erred in charging the jury that the suit by Lockart against Prentiss before Justice Freytag, in May, 1826, and the subsequent proceedings thereon, were not evidence of a conversion six years before this suit brought. `

3. The judge also erred in leaving it to the jury to decide (upon mere presumption) whether the demand and refusal did not precede the commencement of this suit; the only evidence on this point being that the demand and refusal were made on the 26th day of September, 1833, and that the writ issued on the same day, and there being no evidence that the former preceded the latter."

Mr. G. M. Wharton, and Mr. Phillips, for the plaintiff in error, cited, Frampton v. Coulson, (1 Wils. 33.). 1 Saund. 33, note. White-hill v. Wilson, (3 Penn. Rep. 408.)    Houffer v. Latshaw, (2 Watts, 165.)    Evans v. Mengel, (6 Watts, 72.). Kepner v. Keefer, (6 Watts, 234.) ` Hannay v. Stewart, (6 Watts, 41.)

Mr. Bradford, for the defendant in error, was stopped.

PER CURIAM.—It would be singular, were the defendant's suit against the plaintiff, for the money lent on the pawn, which was affirmative of the present plaintiff's property in the thing, allowed to be evidence of a conversion at the time ; nor would the seizing of it in execution, if legally done, have a greater effect.   Even the present plaintiff's suit for a former conversion, though affirmative of the fact, may have been abandoned because it was discovered to be unfounded ; and it would be unjust to estop him from asserting the contrary, for the same reason that a judgment against a plaintiff who had sued before his cause of action had arisen, will not conclude him in an action brought at the proper time.   Lastly, the presumption founded on the natural course of transactions, that the demand and refusal of the same day, had, preceded the writ, was one that might be left to the jury.

Judgment affirmed.